UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | CASE NO. C13-1082-MAT |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ACE PAVING CO, INC., | |
| Defendant. | |

INTRODUCTION

Plaintiff moves the Court for summary judgment against defendant Ace Paving Co., Inc. ("Ace Paving"). (Dkt. 11.) Defendant did not oppose plaintiff's motion. The Court deems defendant's failure to oppose to be an admission that the motion has merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds plaintiff entitled to summary judgment.

BACKGROUND

The Western Conference of Teamsters Pension Trust Fund ("Trust Fund" or "Trust")

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
PAGE -1

provides retirement and other benefits to eligible participants. The Trust Fund is covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. (ERISA), which was amended to include the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, *et seq*. (MPPAA).

Ace Paving is bound to a Trust Agreement with the Trust Fund. (*See* Dkt. 12, Exs. B & C.) The Trust Agreement contains provisions restating and supplementing the MPPAA, as well as provisions requiring the payment of liquidated damages for all delinquent trust fund contributions, interest accruing on those delinquent contributions, and attorneys' fees and costs incurred in connection with collecting unpaid contributions. (*Id*., Ex. A at Article IV, Section 3, and at 19-24.)

Plaintiff Northwest Administrators Inc. administrates the Trust Fund and attests that, on or about June 1, 2012, Ace Paving withdrew from the Trust. By letter dated January 10, 2013, plaintiff notified Ace Paving of the assessment of withdrawal liability, pursuant to the MPPAA, in the amount of $593,037.96, and set a schedule for payments to commence on March 10, 2013. (*Id*., Ex. D.) Ace Paving did not request any review by the Trust Fund, did not initiate arbitration, and, to date, has not made any payments for its withdrawal liability.

DISCUSSION

The MPPAA requires that an employer who withdraws from a multiemployer plan pay its share of liability for the employees' unfunded vested benefits attributable to the employers' participation. 29 U.S.C. § 1381; *Penn Cent. Corp. v. Western Conference of Teamsters Pension Trust Fund*, 75 F.3d 529, 531 (9th Cir. 1996). This assessment of withdrawal liability "ensures that employees and their beneficiaries [are not] deprived of anticipated retirement

benefits by the termination of pension plans before sufficient funds have been accumulated in the plans." *Pension Benefit Guar. Corp. v. R. A. Gray & Co.*, 467 U.S. 717, 720 (1984). When an employer withdraws, the plan sponsor must determine the amount of liability, notify the employer of the amount due, and demand payment in accordance with the listed schedule. 29 U.S.C. §§ 1382, 1399(b)(1).

Disputes over determinations of withdrawal liability must be arbitrated in the first instance, after requesting a review of the liability assessment, within the time limits specified in the MPPAA. § 1401(a)(1). An employer that fails to timely initiate arbitration waives any chance to present a defense that could have been brought before an arbitrator. *See Teamsters Pension Trust Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co.*, 832 F.2d 502, 504-05 (9th Cir. 1987). "Congress intended that disputes over withdrawal liability would be resolved quickly, and established a procedural bar for employers who fail to arbitrate disputes over withdrawal liability in a timely manner." *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 263 (2d Cir. 1990) (quoted source and quotation marks omitted).

Employers may request review of the liability determination within ninety days of notification. 29 U.S.C. § 1399(b)(2). Either party may initiate arbitration proceedings within the earlier of sixty days after the date of notification of the initial review or 120 days after the employer requests review. § 1401(a). If no arbitration is initiated, the demanded payments become "due and owing" on the schedule set forth in the initial assessment; that is, within sixty days of the initial notice of liability. §§ 1399(c)(2), 1401(b)(1), (d).

The plan sponsor may require payment of the total outstanding amount due, § 1399(c)(5) ("In the event of a default, a plan sponsor may require immediate payment of the

outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made."), and may bring a collection action in federal court, § 1401(b)(1).  A plan sponsor may also be entitled to interest, liquidated damages, and attorney's fees and costs.  *See* § 1451(b) ("In any action ... to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution") and § 1132(g)(2) ("in any action [involving delinquent contributions] in which a judgment in favor of the plan is awarded, the court shall award the plan ... (B) interest ... (C) an amount equal to the greater of (i) interest on the unpaid [withdrawal liability], or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . , (D) reasonable attorney's fees and costs . . .").  *See also Lads Trucking Co. v. Board of Trustees*, 777 F.2d 1371, 1375 (9th Cir. 1985) (plaintiff entitled to attorney's fees in withdrawal liability action); *Northwest Adm'rs, Inc. v. Northern Distrib., LLC*, No. C10-0507-JCC, 2011 U.S. Dist. LEXIS 7343 at *10 (W.D. Wash. Jan. 26, 2011) ("By the time this civil action notified Defendant of its liability, the time for review and arbitration lapsed, and delinquency set in, the full $1,144,508.29 remained unpaid. Accordingly, 20 percent liquidated damages of $228,901.65 are appropriate.")

In this case, plaintiff moves for summary judgment on its claim that defendant Ace Paving must pay its assessed withdrawal liability to the Trust Fund in the amount of $593,037.96, and liquidated damages in the amount of $118,607.59, together with interest, attorney's fees, and costs incurred by plaintiff.  Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Court finds plaintiff entitled to summary judgment.  There is no dispute that Ace Paving was a party to a labor agreement requiring it to pay monthly contributions to the Trust Fund at specified rates for eligible employees, that Ace Paving withdrew from the Trust, and that plaintiff notified Ace Paving of its withdrawal liability, set a schedule, and made a demand for payment.  There is further no dispute that Ace Paving failed to request a review by the Trust Fund, did not initiate arbitration, and, to date, has not made any payments for its withdrawal liability.  Because no arbitration proceeding was initiated pursuant to 29 U.S.C. § 1401(a)(1), the amounts demanded by the Trust Fund plan sponsor became due and owing in full.  Further, because the full amount of the withdrawal liability is now due, plaintiff is also entitled to liquidated damages equal to twenty percent of the withdrawal liability total, as well as interest, attorney's fees, and costs.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment against Ace Paving (Dkt. 11) is GRANTED.  Plaintiff is entitled to withdrawal liability in the amount of $593,037.96 and liquidated damages in the amount of $118,607.59, as well as interest, attorney's fees, and costs in an amount to be determined.  Plaintiff is directed to submit

documentation supporting an award of interest, attorney's fees, and costs within **ten (10) days** of the date of this Order.

DATED this 18th day of December, 2013.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
Chief United States Magistrate Judge